**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WHITNEY N. FELDER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-CV-3525** |
| | : | |
| **EX- CAROLYN W. COLVIN,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

Plaintiff Whitney Felder filed this civil rights action based on allegations that her rights were violated in connection with the Social Security Administration's ("SSA") handling of her claims for social security benefits. She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss this case for failure to state a claim.

**I. FACTS AND PROCEDURAL HISTORY[1]**

**A. Felder's Previously-Filed Social Security Cases**

In 2016, Felder filed a *pro se* complaint pursuant to 42 U.S.C. § 405(g), which was drafted by her father and which sought review of a decision of the Commissioner of Social Security that denied her claim for Supplemental Social Security income. *See Felder v. Kurlander*, Civ. A. No. 16-1231 (E.D. Pa.). The case was referred to Magistrate Judge Jacob Hart, who issued a report and recommendation to remand Felder's case in part to the SSA for further development of the record in support of her disability claim. Thereafter, Felder and her father filed a "Complaint for Damages," two documents entitled "Our Response to the Notice (Motion for a Public Court Trial Hearing)," and a Motion for a jury trial.

---

[1] The following facts and allegations are taken from the pleadings filed in this case and publicly available dockets.

Counsel subsequently entered his appearance for Felder, moved to withdraw the complaint for damages and associated documents, and asked that the Court "remand [the case] for further proceedings as set forth in the Report and Recommendation." In an Order entered on the docket April 19, 2017, the Honorable Joseph F. Leeson, Jr. adopted Judge Hart's report and recommendation and remanded the matter to the SSA.

On December 6, 2018, Felder and her father filed a document styled as a "Complaint for Damages" and a "Motion to Reopening Hers [sic] Case for Public Trail [sic], and Law Suit." Judge Leeson declined to reopen the case and explained to Felder that if she "wishe[d] to file a civil rights complaint or to appeal any new rulings by the Commissioner of Social Security that she must do so in a separate civil action and pay any associated filing fees, or seek leave to proceed *in forma pauperis*."

On January 9, 2019, Felder filed a new case, through counsel, pursuant to 42 U.S.C. § 405(g) for review of a decision of the Commissioner of Social Security in the wake of administrative proceedings that occurred after the prior remand. *Felder v. Berryhill*, Civ. A. No. 19-151 (E.D. Pa.). That case has been fully briefed and is currently pending before Judge Hart.

**B.  The Instant Civil Action**

On August 1, 2019, while her second social security case was pending and following Judge Leeson's denial of the motion to reopen the first case, Felder and her father filed her Complaint in the instant civil action, which is styled similarly to the "complaint for damages" filed in her first social security case. The Complaint names former Acting Commissioner of Social Security Carolyn W. Colvin and Commissioner of Social Security Andrew Saul as Defendants. The caption of the Complaint indicates it is raising claims pursuant to 42 U.S.C. §

1983, 1985 and 1986[2] for "DISCRIMINATON & DEPPRIVATION OF RIGHTS SOCIAL

SECURITY BENEFITS. ABUSE, DERRELICTION OF THE PERFORMANCE OF DUTY,

NEGLECT, ABUSE OF POWER/POSITION, CONSPIRACY TO FATHER THE ABUSE OF

MENALLY ILL PERSON, OATH OF OFFICE VIOLATION."[3] The Complaint alleged that the

Administrative Law Judges erred in denying Felder benefits and sought to reopen Felder's first

social security case, Civil Action Number 16-1231.

The Complaint was drafted from the perspective of Felder's father, who holds a power of

attorney for his daughter, and was signed by both Felder and her father.[4] In an Order entered on

the docket August 8, 2019, the Court informed Felder's father that he may not represent Felder in

this civil rights case because he is not an attorney and terminated him as a party to this case. The

Court also directed Felder to either pay the applicable fees or seek leave to proceed *in forma*

*pauperis* within thirty days if she sought to proceed with this civil action. When Felder failed to

comply with that Order, the Court dismissed this case for failure to prosecute but specifically

noted in a footnote that the dismissal was without prejudice to Felder proceeding in her pending

social security case, Civil Action Number 19-151.

Thereafter, the Court received what appeared to be an Amended Complaint signed by

Felder and her father. The Amended Complaint named former Acting Commissioners of Social

Security Nancy A. Berryhill and/or Colvin as Defendants, and again purported to raise claims for

damages under the civil rights statutes. The Amended Complaint indicated in the caption that

Felder's claims were based on discrimination and deprivation of rights in connection with the

---

[2] The Complaint also lists § 1998, which appears to be an error because there is no such statute.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Felder is an adult, as she was born in 1986. *See Felder*, Civ. A. No. 16-1231 (E.D. Pa.) (ECF No. 14 at 1.)

denial of social security benefits.  However, the body of the Complaint took issue with the

Court's decisions in the instant civil action by arguing that Felder had already been granted leave

to proceed *in forma pauperis* in her prior social security cases and complaining that the initial

Complaint was docketed as a new civil action (as opposed to being docketed in Felder's first

social security case, which was closed in 2017).  It is apparent that Felder and her father

essentially envision the three cases as one.

After receiving the Amended Complaint, the Court vacated its dismissal order and gave

Felder an additional thirty days to either pay the applicable fees or seek leave to proceed *in*

*forma pauperis* status.  The Court explained to Felder that it could not take judicial notice of

prior grants of *in forma pauperis* status and explained that her initial Complaint was docketed as

a new case because it raised civil rights claims based on her underlying social security case,

while her pending social security case filed by counsel sought review of the Commissioner's

most recent decision.  The Court again noted that Felder's father may not represent her in this

matter in the event he was trying to do so.

Felder responded by filing a Motion to Proceed *In Forma Pauperis*.  The Court will grant

that Motion because it appears that Felder is incapable of paying the fees to commence this civil

action.  However, the Court will dismiss her Amended Complaint with prejudice for failure to

state a claim.[5]  The dismissal will be without prejudice to Felder proceeding in her underlying

social security case, Civil Action Number 19-151.

---

[5] Felder's Amended Complaint is the governing pleading in this case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).  "[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019).  Accordingly, the Court will only address the allegations in the Amended Complaint to determine whether Felder has stated a claim.

## II.    STANDARD OF REVIEW

As Felder is proceeding *in forma pauperis*, her Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss a complaint if, among other things, it fails to state a claim.[6] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements do not suffice."  *Id.*  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Felder is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The caption and heading of Felder's Amended Complaint indicate that she intended to challenge the decisions issued by the former acting and current Commissioners of the Social Security Administration under certain civil rights statutes.  *See* 42 U.S.C. § 1983, 1985 & 1986.

---

[6] The Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action."  Even if this provision were applicable here, the Court may still conduct a screening under § 1915(e) consistent with Rule 17.  *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) ("In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, Civ. A. No. 16-0812, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey that "a district court may sua sponte dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").  Notably, Felder is represented by counsel in her pending social security case, Civil Action Number 19-151.

The Amended Complaint, however, focuses mostly on docketing decisions and Orders issued by this Court in the current case, which do not support her claims and do not provide a legal basis for any other claim.

However, even liberally construing the Amended Complaint as raising claims based on decisions issued by the SSA in Felder's underlying case before the agency, her claims fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, none of the Defendants are state actors, so § 1983 is inapplicable.

"[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (internal quotations omitted). Nothing in the Amended Complaint suggests a plausible basis for a race- or class-based conspiracy among the Defendants to violate Felder's rights, which is fatal to her § 1985 and § 1986 claims.

Liberally construing the Amended Complaint, it is possible that Felder intended to bring damages claims against the Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized a cause of action for

damages for certain constitutional violations committed by federal actors. However, the Supreme Court has rejected the extension of *Bivens* to due process violations brought under the Fifth Amendment in connection with the denial of social security benefits. *See Schweiker v. Chilicky,* 487 U.S. 412, 414 (1988) (concluding that a *Bivens* "remedy [for improper denial of Social Security disability benefits], not having been included in the elaborate remedial scheme devised by Congress, is unavailable"). Nor is there any basis for extending *Bivens* to recognize a remedy for other constitutional violations that may be alleged here because of the availability of review under 42 U.S.C. § 405(g). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity"); *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (explaining that the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action"). In other words, review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) is the vehicle for review of Felder's claims arising from the denial of social security benefits. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Timmons v. Commissioner of Social Security*, 719 F. App'x 162, 164 (3d Cir. 2017) (per curiam); *English v. Soc. Sec. Admin.*, 705 F. App'x 116, 116 (3d Cir. 2017) (per curiam) ("Federal-court jurisdiction over Social Security benefits cases is provided by 42 U.S.C. § 405(g).").

As noted above, Felder properly sought review of the final orders issued by the SSA by filing complaints pursuant to 42 U.S.C. § 405(g). This was the proper vehicle for review of her claims. Notably, Felder secured relief in the first case in the form of a remand, while the second case, which was filed by counsel in the wake of administrative proceedings that occurred after the remand, remains pending. She has no legal basis for a separate civil rights action for damages.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Felder leave to proceed *in forma pauperis* and dismiss her Amended Complaint.  Felder will not be given leave to amend her civil rights claims because it appears that amendment would be futile.  However, this dismissal will be without prejudice to Felder's right to purse her claims in her pending civil action, Civil Action Number 19-151, which was brought by counsel pursuant to 42 U.S.C. § 405(g).  An appropriate Order follows.


November 26, 2019                              BY THE COURT:

                                              /s/Wendy Beetlestone, J.

                                              _____
                                              WENDY BEETLESTONE, J.